## WORTHINGTON, MURFEY & CO v S KORACH CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9296. Decided Feb 11, 1929

Garfield, Cross, MacGregor, Daoust & Baldwin, Cleveland, for Worthington Murfey Co.

Mooney, Hahn, Loeser & Keough, Cleveland, for Korach Co.

MIDDLETON, PJ, and MAUCK, J, of the 4th Dist, and ROBERTS, J, of the 7th Dist, sitting.

### MIDDLETON, PJ.

It is manifest we think, that counsel for the plaintiff in this proceeding has overlooked entirely the fact that such judgment by the court under the conditions named has all the vitality and legal effect of the verdict of the jury. It follows from this that this court is not hearing the case de novo, nor does it have any right to reverse the judgment for any reason other than would obtain in the review of a judgment following the verdict of the jury.

It is contended, first, that the judgment was and is against the manifest weight of the evidence. There is no merit in this contention. The evidence is not only conflicting, but there is substantial proof in the record that the contract as claimed by the plaintiff was not the actual contract beween the parties. Not only does the correspondence between the parties which the plaintiff claims constitutes the alleged contract appear wholly insufficient to support such claim without further evidence, but where all the facts by way of explanations of the alleged written contract are shown, the conclusion of this court is that the judgment of the lower court was in accord with the whole evidence. There are, however, other facts in the judgment on which this conclusion may rest. There is no satisfactory evidence that the contract, as claimed by the plaintiff, was ever ratified by the stockholders. This is so for the reason that there is no proof that said contract was ever brought to the attenion of the stockholders in any manner whatever or was ever known to them. These observations make it wholly unnecessary to discuss any further the contentions in respect to the weight of the evidence.

It is contended that the trial court erred in the admission of certain oral testimony or evidence which tended to explain some of the things appearing in the correspondence between the parties. This evidence went to conversations between the parties in person and by telephone. This evidence was certainly competent, as the correspondence admittedly required some explanation. It was not error to show by oral testimony what the trust was, for which Sigmund Korach was trustee. In fact, we are persuaded that this evidence was essential to a fair understanding of what was the actual agreement between the parties, and was essential to the claim of the plaintiff that the defendant company was the beneficiary of the trust.

There is nothing in the whole case which affords any substantial reason for interfering with the judgment of the trial court, which judgment, as before observed, this court not only affirms, but approves.

Mauck and Roberts, JJ, concur.